

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Tjhia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"Tjhia v. Atty Gen USA" (2005). 2005 Decisions. Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No: 04-2297


KET FUNG TJHIA,

Petitioner

v.

*ALBERTO GONZALES, Attorney General
of the United States,

Respondent

*(Amended pursuant to F.R.A.P. 43(c))


Petition for Review of an Order of the
Board of Immigration Appeals
(No.A79-328-562)


Submitted pursuant to Third Circuit LAR 34.1(a)
Friday, September 16, 2005


Before: ROTH, McKEE and FISHER,
<u>Circuit Judges</u>


(Opinion filed:  October 17, 2005)


OPINION


McKEE, <u>Circuit Judge</u>.

Ket Fung Tjhia petitions for review of a decision of the Board of Immigration

Appeals affirming the decision of an Immigration Judge denying Tjhia's application for

1

asylum and withholding of removal. For the reasons that follow, we will deny the petition for review.

## I.

Because we write primarily for the parties, we will recite only the facts and procedural history necessary that may be helpful to our brief discussion. Tjhia entered the United States on December 11, 1997, but he did not file an application for asylum until June 20, 2001. Absent circumstance not relevant here, an alien seeking asylum must file an application for relief within one year of entering the United States, 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(2)(D). The IJ ruled that Tjhia's application for asylum was untimely, and we do not have jurisdiction to review that determination. *See* 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). However, Tjhia's delay in filing for asylum does not deprive us of jurisdiction to review denial of his application for withholding of removal.

To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), petitioner must establish by a "clear probability" that his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion if he were removed to Indonesia. *Tarrawally*, 338 F.3d at 186. "A clear probability means 'more likely than not.'" *Id.* (quoting *INS v. Stevic*, 467 U.S. 407, 429-30 (1984)).

We conclude that substantial evidence supports the IJ's finding that Tjhia has not

met his burden of demonstrating a clear probability that his life would be threatened if he was returned to Indonesia. In his asylum application, Tjhia described an incident that he claims occurred in December 1996 when he was walking with friends on his way home, and was confronted by strangers asking for money. Tjhia refused to give them money, and a mob arrived and began talking about killing Chinese. However, in his testimony at the hearing he did not make any reference to that incident at all. Yet, even if we credit the information contained in his asylum application, Tjhia has only established one incident, and that does not meet his burden.[1]

Moreover, Tjhia testified that while in Indonesia he was employed by a stationary company from 1986 to 1991 when he opened his own office supply business. He testified that he operated this business for four years but his business was down because the violence and dangerous conditions in Indonesia made it difficult to supply his customers. That hardly establishes a clear probability that his life would be threatened because of a protected status under immigration law. Rather, the evidence shows that his business problems were due to the general turmoil in the country at the time.

Finally, the fact that Tjhia's putative wife (the mother of his three children), his

---

[1]Claims of violence or other harm perpetrated by civilians against the petitioner's group does not constitute persecution unless such acts are "committed by the government or forces the government is either 'unable or unwilling' to control." *Abdulraham v. Ashcroft*, 393 F.3d 587, 592 (3d Cir. 2003). There is no evidence here that establishes that the government of Indonesia is unable or unwilling to control violence against Chinese Christians in Indonesia.

mother and his three siblings are currently living in Indonesia without encountering any problems seriously undermines his claim that of a clear probability of harm. *See Lie v. Ashcroft*, __ F.3d __, 2005 WL 278694 at * 5 (3d Cir. 2005) ("when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of petitioner's well-founded fear of future persecution is diminished").

## II.

For all of these reasons, we will deny the petition for review.[2]

---

[2]One matter remains. On May 12, 2004, Tjhia filed a motion captioned "motion to reconsider/reopen" the BIA's April 13, 2004 decision, alleging ineffective assistance of counsel and changed country conditions. The BIA denied that motion on September 21, 2004. Tjhia did not file a petition for review from the denial of his motion. Thus, judicial review of the denial is foreclosed. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405-06 (1995).