**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1541

KET FUNG TJHIA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A079-328-562)
Immigration Judge:  Honorable Henry Dogin

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: September 14, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

    Ket Fung Tjhia petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his second motion to reopen his deportation proceedings.  For the reasons that

follow, we will dismiss the petition for review for lack of jurisdiction.

Tjhia is an Indonesian citizen who entered the United States legally in 1997 but overstayed his admission. In 2001, Tjhia filed an application for asylum,[1] withholding of removal, and protection under the Convention Against Torture. The Immigration Judge ("IJ") denied all of Tjhia's applications. The BIA affirmed the IJ's decision and we denied Tjhia's petition for review. *Tjhia v. Gonzales*, 153 Fed.Appx. 58 (3d Cir. 2005).

In May 2004, Tjhia filed a motion asking the BIA to reopen his case, claiming ineffective assistance by counsel in front of the Immigration Court, changed personal circumstances, and changed country conditions. In September 2004, the BIA dismissed the motion to reopen for failure to show prejudice and failure to comply with the "procedural requirements for an ineffective assistance of counsel claim." App. 5 (*citing Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988)). Tjhia did not file a petition for review from the denial of his 2004 motion to reopen and thus we did not review that denial. *Tjhia*, 153 Fed. Appx. at 60 n. 2.

On September 8, 2008, Tjhia filed a second motion asking the BIA to reopen his case based on new evidence regarding his ineffective assistance of counsel claim.[2] Tjhia

---

[1] Generally, an alien seeking asylum must file an application for relief within one year of entering the United States. 8 U.S.C. § 1158(a)(2)(B).

[2] During his hearing before the IJ, Tjhia was represented by Albert S. Lefkowitz. In December 2007, the Appellate Division of the Supreme Court of New York suspended Lefkowitz's license to practice law for three months because he worked at an immigration agency staffed by non-lawyers.

requested that the BIA employ its *sua sponte* authority to reopen the removal proceedings pursuant to 8 C.F.R. § 1003.2(a) and remand to the IJ to reconsider Tjhia's persecution claim. On February 2, 2009, the BIA declined to reopen, finding that Tjhia failed to act with due diligence by filing the motion to reopen eight months after Lefkowitz was suspended from practicing law and providing no explanation for the delay.[3]

We lack jurisdiction to review the BIA's decision to decline to reopen a case *sua sponte*. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474-75 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.") Thus, Tjhia's petition for review is dismissed for lack of jurisdiction.

---

[3] The BIA also found that Tjhia's motion to reopen was "untimely, number-barred" and that he had not presented evidence of changed conditions in Indonesia that would merit reopening. App. 6 (*citing* 8 C.F.R. § 1003.2(c)(3)(ii)).